UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEDREN SMITH                                                                                           PETITIONER

v.                                                                              CIVIL ACTION NO. 3:13-CV-326-H

CLARK TAYLOR, WARDEN                                                                         RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Kedren Smith's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent, Clark Taylor, Warden, moves to dismiss the petition for want of jurisdiction by failing to seek certification in the court of appeals to permit the filing of a second or successive petition, 28 U.S.C. § 2244(b)(3)(A). For reasons stated below, the Court will dismiss the petition.

**I.**

Petitioner entered an unconditional *Alford plea*, in April 2003, to one count murder, three counts of first-degree wanton endangerment, and first-degree persistent felony offender, in the Circuit Court of Jefferson County, Kentucky. The court sentenced the defendant to twenty years for murder, five years enhanced to twenty years on each count of wanton endangerment, to run concurrently, for a total sentence of twenty years' imprisonment. The court entered a judgment of conviction in June 2003. The defendant did not appeal.

In June 2004, the defendant filed a *pro se* motion to vacate the judgment under Rule 11.42 of the Kentucky Rules of Criminal Procedure. The defendant claimed he received ineffective assistance of counsel, among other claims, and challenged the voluntariness of his plea. The trial court denied the motion without an evidentiary hearing, and the defendant appealed. The Kentucky Court of Appeals affirmed in December 2005.

In January 2006, Petitioner sought federal review of the ineffective assistance of counsel claims and challenged the validity of the guilty plea in a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, *Kedren Smith v. Gary Beckstrom*, 3:06-CV-50-S (W.D.Ky. 2007). The petition was dismissed on the merits by order entered, May 17, 2007. The court of appeals denied a certificate of appealability on February 21, 2008.

In April 2008, the defendant filed a *pro se* motion for relief under Rule 60.02 of the Kentucky Rules of Civil Procedure. The defendant asserted a mix of new and old claims, chiefly alleging ineffective assistance of counsel. The defendant also provided an affidavit of a witness recanting her testimony given in a written statement obtained by a detective. The trial court rejected the defendant's claims without an evidentiary hearing. The defendant appealed, and the Kentucky Court of Appeals affirmed in June 2011.

## II.

The habeas corpus statutes contain a provision for the finality of determinations. 28 U.S.C. § 2244. Whether Petitioner's more recent claims are "new" claims entitled to federal review is a determination which lies outside this court's jurisdiction. *Burton v. Stewart*, 549 U.S. 147 (2007). Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Court concludes that it must dismiss the petition for Petitioner's failure to seek certification in the Court of Appeals for the Sixth Circuit.

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss (DN 8) is **GRANTED** and the petition of Kedren Smith for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

This is a final order with no just reason for delay.

DATE:

cc: Kedren Smith, *Pro Se*
Counsel of Record